with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

CLAUDE M. NANKIVEL, Respondent, v. GASTON, WILLIAMS & WIGMORE, INC., Appellant.— Order denying defendant's motion for an interlocutory judgment on its counterclaim affirmed, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

NATIONAL FOUNDRY COMPANY OF NEW YORK, INC., Appellant, v. MORRIS KAUFMAN, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide the event. The plaintiff endeavored to prove an assignment by parol of the contract in suit. An assignment in writing was unnecessary. (*Risley* v. *Phenix Bank of City of N. Y.*, 83 N. Y. 318; *Greene* v. *Republic Fire Ins. Co.*, 84 id. 572; *Fairbanks* v. *Sargent*, 117 id. 320.) The exclusion of conversations between the assignor and plaintiff's president, at folios 131, 132, 133 and 134, was error. A parol assignment being sufficient, the plaintiff was entitled to prove the conversation by means of which that assignment was made. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

FRED NIELSEN, Respondent, v. COASTWISE DREDGING COMPANY, Appellant.— Judgment and order reversed, and new trial granted, costs to appellant to abide the event, for the reason that plaintiff failed to prove negligence on the part of defendant. The alleged defect in the iron bar was not the proximate cause of the accident. The bar inserted in a space three inches deep slipped, not because of the wearing away of one-quarter or one-third of an inch at the corner of the bar, but because the space in which it was inserted was covered with grease and oil placed there by plaintiff. The method of turning over the engine by use of the bar was selected by plaintiff of his own volition. He testifies that the ordinary method was by use of steam. The bar in question was a simple ordinary appliance used before and since without alteration or change, and the accident was occasioned by the manner in which it was used and not by any defects in the bar. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

JAMES J. NEWMAN, Appellant, v. IDA ABRAMS, Respondent.— An undertaking to perfect an appeal from a Justice's Court is fully described by sections 1335 and 3050, Code of Civil Procedure. Hence an order granting leave for a new undertaking to correct misrecitals plainly means such an undertaking as is set forth in such sections; and the order need not in terms direct signatures, mention the number of sureties, or prescribe an acknowledgment, since all these formal essentials are implied. Often motion costs are imposed in granting such leave. This is to discourage loose practice and neglects. (*Eaton* v. *Potts*, 96 Misc. Rep. 182.) But motion costs are not strictly a matter of right, where such amendments are only to correct minor clerical details. However, here plaintiff has to pay ten dollars costs for his opposition, although defendant's notice and undertaking were then inaccurate. Plaintiff's attorney's motion to set aside a service at his office because made on a Saturday before noon was denied, and such denial might have carried motion costs. Hence this court modifies the order so as to grant the amendment of the notice and undertaking, without costs to either party, and to deny plain-

tiff's motion to set aside the service, with ten dollars costs. As thus modified, the order is affirmed, without costs of this appeal to either party. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

THOMAS O'CONNOR, Respondent, v. JOHN O'CONNOR, Appellant.—Judgment and order unanimously affirmed, with costs. The issue presented as to the existence of the contract alleged was entirely one of fact. There was corroboration of plaintiff's story by outside witnesses. We cannot say upon the record presented that the verdict was against the evidence. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUMBERT & ANDREWS, INC., Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Mills, Rich, Putnam, Kelly and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY PLOTZKY, Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Mills, Rich, Putnam, Kelly and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRONX PARKWAY COMMISSION, Respondent, v. THE COMMON COUNCIL and THE BOARD OF ESTIMATE AND APPORTIONMENT OF THE CITY OF YONKERS and the COUNTY OF WESTCHESTER, Appellants.— Order affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice Young at Special Term (*Matter of Bronx Parkway Commission* v. *Common Council*, 106 Misc. Rep. 579). Jenks, P. J., Putnam, Blackmar and Jaycox, JJ., concur; Kelly J., dissents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK J. HOGAN, Relator, v. ARTHUR WOODS, as Police Commissioner of the City of New York, Respondent.— Determination confirmed and writ dismissed, with fifty dollars costs and disbursements. No opinion. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN O. KEHR, Relator, v. ARTHUR WOODS, as Police Commissioner of the City of New York, Respondent.— Determination confirmed and writ dismissed, without costs. No opinion. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAURELTON DEVELOPMENT COMPANY, INC., Respondent, v. LAWSON PURDY and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.— Order reversed and writ dismissed, with ten dollars costs and disbursements, on the ground that the commissioners were without power to waive the provision of section 37 of the Tax Law* requiring an application for reduction of assessments to be made under oath. Rich, Blackmar, Kelly and Jaycox, JJ., concur; Jenks, P. J., not voting.

ROBERT RICHARDSON, Respondent, v. THE NASSAU ELECTRIC RAILROAD COMPANY, Appellant, and G. B. SEELEY's SON, INC., Defendant.— Judgment reversed and new trial granted, with costs to appellant to abide the event, upon authority of *Richardson* v. *Nassau Electric R. R. Co.* (*ante*, p. 529), decided herewith. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

---

* Amd. by Laws of 1916, chap. 323.— [REP.